## William H. Riggs, Appellee, v. Ernest C. Ladd et al., Appellants.

## Gen. No. 5507.

1. INTEREST—*effect of oral contract to pay.* A party cannot bind himself by oral contract to pay more than five per cent interest.

2. INSTRUCTIONS—*when upon question of interest rates erroneous.* It is error for the court to leave to the jury the determination of the rate of interest which is to be allowed.

Assumpsit. Appeal from the City Court of Kewanee; the HON. H. STERLING POMEROY, Judge, presiding. Heard in this court at the April term, 1911. Reversed and remanded. Opinion filed October 13, 1911.

STURTZ & EWAN and WILSON & CUMMINGS, for appellants.

N. F. ANDERSON, JAMES H. ANDREWS and THOMAS J. WELCH, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

William H. Riggs sued Ernest C. Ladd and Grace L. Ladd in assumpsit and filed the common counts. Defendants filed the general issue and a verified plea

denying joint liability. At the trial plaintiff had a verdict for $549.58, a motion by defendants for a new trial was denied and plaintiff had judgment, from which defendants below appeal.

Appellee testified that on August 10, 1908, he loaned to Ernest C. Ladd and Grace L. Ladd, who are brother and sister, the sum of $500 for one year with interest at 7 per cent. Thirty-five dollars was paid thereon a year later and he sues to recover the remainder of the debt. We are not satisfied with the verdict and the judgment. There was fully as much oral testimony that this was a loan by appellee to Grace L. Ladd only as there was that it was a loan to both appellants. The papers then executed all sustained appellants that it was a loan to Grace L. Ladd only. Appellee made his check payable to Grace L. Ladd only. Appellee took from Grace L. Ladd her individual note of that date, payable to his order one year after date for $500 with interest thereon at the rate of 7 per cent per annum and a mortgage by her securing said note on forty acres of land in Saline county, Illinois, and he had presented to him at that time an abstract of the title to said forty acres. It is now claimed in behalf of appellee that this note and mortgage were given as collateral security for the loan of $500 to both appellants. The word "collateral" does not appear in appellee's testimony of what was then said and done. If he loaned this money to Ernest and Grace, it is strange and unusual that he did not take a note from both. He knew that he was receiving the written promise of Grace and that he had no writing to bind Ernest. If he was making a loan to Grace only, then what was done was according to the common course of business. Appellee testified that appellants told him that Grace had refused $2500 for the real estate covered by the mortgage, and that afterwards he received a letter from the recorder of Saline county which said that the land was worth only $75 or $80 and that it was assessed to dif-

ferent parties. The fact that appellee had received such a letter did not prove the contents of the letter to be true; but, if it were true that appellee had been deceived as to the value of the security, and even if the appellants were liable to him in an action of deceit, that would not authorize a recovery in his favor against both appellants in this action of assumpsit. It seems to us more probable that appellee in fact made the loan upon these papers and that afterwards, when he was told that the security was practically worthless, he felt that he had been too careless in loaning the money and then conceived the idea that his loan had been to both appellants. In this condition of the record as to any liability on the part of Ernest in this action, we find that the court in the first instruction given for appellee treated the alleged oral agreement to pay interest at 7% per annum as valid, and then directed the jury to allow such interest "as you believe the plaintiff to be entitled to." It was not proper for the court to leave the jury to fix such a rate of interest as they thought appellee was entitled to; and the instruction was erroneous in its implication that appellee could recover 7% upon an oral contract for interest. Parties are only allowed to bind themselves to pay 7% by a written contract, and in the absence of a written contract, are limited to 5%. Upon a computation we find that the verdict and judgment are considerably more than could be due from both appellants on an oral loan to them, under the law. Under ordinary circumstances we should permit a *remittitur*, but in view of the fact that there is apparently a clear preponderance of the evidence that the loan was to Grace L. Ladd only, we conclude the judgment should be reversed.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*